## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 619 | **DATE** | 2/29/2008 |
| **CASE TITLE** | Dawn Boutte vs. United States | | |

**DOCKET ENTRY TEXT**

For the foregoing reasons, we dismiss Plaintiff's case for lack of subject matter jurisdiction and deny Plaintiff's motion (Doc. No. 4) to proceed in forma pauperis and her motion (Doc. No. 5) for appointment of counsel. It is so ordered.

*[signature: Marvin E. Aspen]*

■ [ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

### STATEMENT

(Reserved for use by the Court)

**ORDER**

    Plaintiff Dawn Boutte' ("Plaintiff") filed an application to proceed *in forma pauperis* and a motion for appointment of counsel for her complaint, which seeks damages under the Federal Tort Claims Act ("FTCA"). Before granting leave to file *in forma pauperis*, we must first determine whether Plaintiff is indigent. 28 U.S.C. § 1915(a)(1). We also review her complaint and dismiss it if we find that: (1) it is frivolous or malicious; (2) it fails to state a claim under Rule 12(b)(6); or (3) it seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii). Pursuant to Rule 12(b)(6), we may dismiss a complaint if it fails to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," or if it fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). However, because Plaintiff proceeds *pro se*, we have a special responsibility to construe the complaint liberally, however inartfully pleaded. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

    With regard to her allegation of poverty, Plaintiff submitted a financial affidavit, stating that she is unemployed and her only source of income is $1,530 per month in disability and pension payments. Thus, she has an annual income of $18,630, which places her above the poverty threshold of $10,400. (*See* 2008 Health and Human Services Poverty Guidelines). Accordingly, we deny Plaintiff's *in forma pauperis* application without prejudice.

    In addition to the lack of indigence, we also deny Plaintiff's motion for appointment of counsel because her motion does not demonstrate that she exhausted the search for counsel. In order for this court to grant a motion for appointment of counsel, the litigant must: (1) make a reasonable attempt to obtain private counsel, *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995), and (2) appear incapable of proceeding without representation, *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). We typically require a litigant to submit documentation that demonstrates the refusal of various attorneys to accept the case. Plaintiff, however, did not support her motion by attaching copies of any solicitation letters or other documentation. *See Benford v. Cahill-Masching*, No. 03 C 2643, 2003 WL 22669036, at *1 (N.D. Ill. Nov. 10, 2003). Thus, she has not made the threshold showing for appointment of counsel.

    Finally, we review the sufficiency of her complaint. Plaintiff, a former federal employee, alleges that she suffered

**STATEMENT**

an injury on September 9, 1998 and that she has been denied worker's compensation, Federal Employee's Compensation Act ("FECA") benefits, and relief under the FTCA. (Compl. ¶ 1). As an initial matter, we note that Plaintiff filed a previous federal lawsuit under FECA and FTCA arising out of a September 9, 1998 injury. *See Boutte v. Chao*, No. 05 C 7305, 2007 WL 257627 (N.D. Ill. Jan. 23, 2007). Judge Guzman dismissed her FECA claim for lack of jurisdiction and her FTCA claim for failure to exhaust administrative remedies. *Id.* at *2. Plaintiff's current suit seeks relief under FTCA for injuries on the same date, alleging that she now has exhausted her administrative remedies and attaching an October 24, 2007 letter from the Department of Labor to her complaint.

Where a federal employee is seeking damages for job-related injuries, however, FECA is her exclusive remedy. *See* 5 U.S.C. § 8116© ("The liability of the United States . . . with respect to the injury or death of an employee is exclusive."); *see also Ezekiel v. Michel,* 66 F.2d 894, 898 (7th Cir. 1995). Thus, if Plaintiff's FTCA claim is actually for injuries covered by FECA, then we lack jurisdiction to review her complaint and must dismiss it. *Id.*; *see also Wernsing v. Thompson*, 423 F.3d 732, 742 (7th Cir. 2005) ("[N]ot only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (internal citations omitted). In addition, the Secretary of Labor has the power to "'administer, and decide all questions arising under'" FECA, and its determinations are "final, conclusive and not subject to review by a court of law." *Id. (*quoting

5 U.S.C. §§ 8128(b), 8145); *see also Sw. Marine, Inc. v. Gizonia*, 502 U.S. 81, 90 (1991) ("[T]he courts have no jurisdiction over FTCA claims where the Secretary determines that FECA applies."); *Trammel v. Brown*, No. 94 C 149, 1995 WL 708666, at *4 (N.D. Ill. Nov. 30, 1995) ("Thus, where the Secretary of Labor has determined that particular work-related injuries are covered by the FECA, his non-reviewable decision preempts federal court subject matter jurisdiction, regardless of whether an individual claimant actually receives benefits under such a claim.").

While Plaintiff's complaint does not indicate the precise nature of her September 9, 1998 injuries, we find it clear that they occurred within the scope of her federal employment. We reach this conclusion not only because is she seeking damages from her employer for "suffering, lost time from work, annual, leave, sick leave, and advance sick leave" (Compl. ¶ 5), but also because her earlier case in front of Judge Guzman alleged employment injuries arising from the same date. Most importantly, the Secretary of Labor's October 24, 2007 letter indicated that FECA was Plaintiff's exclusive remedy for her current FTCA claims because she is "seeking tort damages as a result of injuries sustained in [her] federal employment." (DOL Letter). Given that the Secretary has found that Plaintiff's claim is covered by FECA, and its determinations regarding FECA's application are not subject to review, we find that FECA is Plaintiff's exclusive remedy and that we lack jurisdiction to review her claims.

For the foregoing reasons, we dismiss Plaintiff's case for lack of subject matter jurisdiction and deny Plaintiff's motion to proceed *in forma pauperis* and her motion for appointment of counsel. It is so ordered.