UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
CHICAGO, ILLINOIS 60604

KC FILED
3-26-2008
MAR 26 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DAWN BOUTTE
    PLAINTIFF/APPELLANT

                                        DISTRICT COURT NO. 08-C-619

vs.

                                        JUDGE MARVIN ASPEN

UNITED STATES
    DEFENDANT/APPELLEE

NOTICE OF APPEAL

ON MARCH 26, 2008, A WEDNESDAY, I, DAWN BOUTTE', WILL FILE AN APPEAL IN THE SEVENTH CIRCUIT, FOR THE UNITED STATES COURT OF APPEAL, IN CHICAGO, ILLINOIS, FOR APPEALING OF DECISION OF JUDGE MARVIN ASPEN, FOR CASE NO. 08-C-619, SEEKING MONEY DAMAGES, FOR LOSSES OF INCOME WHILE EMPLOYED BY THE FEDERAL GOVERNMENT, WHEN THE PLAINTIFF/APPELLANT, SUBSTAINED A PERMANENT SPINAL INJURY WHILE CLIMBING OVER A COUNTER TO UNLOCK A DOOR IN HER WORK AREA. WORKER'S COMPENSATION BENEFITS WERE DENIED DUE TO THE PHYSICIANS NON COMPLIANCE OF GUIDELINES, FOR THE FEDERAL EMPLOYEE COMPENSATION ACT, FOR BENFITS., ALLOWABLE UNDER 5 U.S.C., 8101.

PROOF OF SERVICE

I, <u>DAWN BOUTTE'</u> HEREBY SERVE THE UNITED STATES U.S. ATTORNEY FOR THE SEVENTH CIRCUIT, OF THE <u>COURT OF APPEAL, PATRICK J. FITZGERALD</u>, WITH A COPY OF THE <u>NOTICE OF APPEAL</u> AND THE <u>DOCKETING STATEMENT</u> FOR THE <u>CASE DAWN BOUTTE VS. THE UNITED FEDERAL DISTRICT COURT CASE NO. 08-C-619</u>, ON MARCH 26, 2008, WEDNESDAY.

SINCERELY,

*/s/ Dawn Boutte*
DAWN BOUTTE
PRO SE/APPELLANT

TO:
PATRICK J. FITZGERALD
U.S. ATTORNEY
219 SO. DEARBORN ST.
CHICAGO, IL 60604

FROM:
DAWN BOUTTE'
P.O. BOX 14113
CHICAGO, IL 60614
PHONE: 773-627-8458 (HOME)

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 619 | DATE | 2/29/2008 |
| CASE TITLE | Dawn Boutte vs. United States | | |

**DOCKET ENTRY TEXT**

For the foregoing reasons, we dismiss Plaintiff's case for lack of subject matter jurisdiction and deny Plaintiff's motion (Doc. No. 4) to proceed in forma pauperis and her motion (Doc. No. 5) for appointment of counsel. It is so ordered.

*[signature: Marvin Aspen]*

Docketing to mail notices.
*Mail AO 450 form.

■ [ For further details see text below.]

### STATEMENT
(Reserved for use by the Court)

### ORDER

Plaintiff Dawn Boutte' ("Plaintiff") filed an application to proceed *in forma pauperis* and a motion for appointment of counsel for her complaint, which seeks damages under the Federal Tort Claims Act ("FTCA"). Before granting leave to file *in forma pauperis*, we must first determine whether Plaintiff is indigent. 28 U.S.C. § 1915(a)(1). We also review her complaint and dismiss it if we find that: (1) it is frivolous or malicious; (2) it fails to state a claim under Rule 12(b)(6); or (3) it seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii). Pursuant to Rule 12(b)(6), we may dismiss a complaint if it fails to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," or if it fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). However, because Plaintiff proceeds *pro se*, we have a special responsibility to construe the complaint liberally, however inartfully pleaded. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

With regard to her allegation of poverty, Plaintiff submitted a financial affidavit, stating that she is unemployed and her only source of income is $1,530 per month in disability and pension payments. Thus, she has an annual income of $18,630, which places her above the poverty threshold of $10,400. (*See* 2008 Health and Human Services Poverty Guidelines). Accordingly, we deny Plaintiff's *in forma pauperis* application without prejudice.

In addition to the lack of indigence, we also deny Plaintiff's motion for appointment of counsel because her motion does not demonstrate that she exhausted the search for counsel. In order for this court to grant a motion for appointment of counsel, the litigant must: (1) make a reasonable attempt to obtain private counsel, *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995), and (2) appear incapable of proceeding without representation, *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). We typically require a litigant to submit documentation that demonstrates the refusal of various attorneys to accept the case. Plaintiff, however, did not support her motion by attaching copies of any solicitation letters or other documentation. *See Benford v. Cahill-Masching*, No. 03 C 2643, 2003 WL 22669036, at *1 (N.D. Ill. Nov. 10, 2003). Thus, she has not made the threshold showing for appointment of counsel.

Finally, we review the sufficiency of her complaint. Plaintiff, a former federal employee, alleges that she suffered

08C619 Dawn Boutte vs. United States       Page 1 of 2

## STATEMENT

an injury on September 9, 1998 and that she has been denied worker's compensation, Federal Employee's Compensation Act ("FECA") benefits, and relief under the FTCA. (Compl. ¶ 1). As an initial matter, we note that Plaintiff filed a previous federal lawsuit under FECA and FTCA arising out of a September 9, 1998 injury. *See Boutte v. Chao*, No. 05 C 7305, 2007 WL 257627 (N.D. Ill. Jan. 23, 2007). Judge Guzman dismissed her FECA claim for lack of jurisdiction and her FTCA claim for failure to exhaust administrative remedies. *Id.* at *2. Plaintiff's current suit seeks relief under FTCA for injuries on the same date, alleging that she now has exhausted her administrative remedies and attaching an October 24, 2007 letter from the Department of Labor to her complaint.

Where a federal employee is seeking damages for job-related injuries, however, FECA is her exclusive remedy. *See* 5 U.S.C. § 8116© ("The liability of the United States . . . with respect to the injury or death of an employee is exclusive."); *see also Ezekiel v. Michel*, 66 F.2d 894, 898 (7th Cir. 1995). Thus, if Plaintiff's FTCA claim is actually for injuries covered by FECA, then we lack jurisdiction to review her complaint and must dismiss it. *Id.*; *see also Wernsing v. Thompson*, 423 F.3d 732, 742 (7th Cir. 2005) ("[N]ot only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (internal citations omitted). In addition, the Secretary of Labor has the power to "'administer, and decide all questions arising under'" FECA, and its determinations are "final, conclusive and not subject to review by a court of law." *Id.* (quoting

5 U.S.C. §§ 8128(b), 8145); *see also Sw. Marine, Inc. v. Gizonia*, 502 U.S. 81, 90 (1991) ("[T]he courts have no jurisdiction over FTCA claims where the Secretary determines that FECA applies."); *Trammel v. Brown*, No. 94 C 149, 1995 WL 708666, at *4 (N.D. Ill. Nov. 30, 1995) ("Thus, where the Secretary of Labor has determined that particular work-related injuries are covered by the FECA, his non-reviewable decision preempts federal court subject matter jurisdiction, regardless of whether an individual claimant actually receives benefits under such a claim.").

While Plaintiff's complaint does not indicate the precise nature of her September 9, 1998 injuries, we find it clear that they occurred within the scope of her federal employment. We reach this conclusion not only because is she seeking damages from her employer for "suffering, lost time from work, annual, leave, sick leave, and advance sick leave" (Compl. ¶ 5), but also because her earlier case in front of Judge Guzman alleged employment injuries arising from the same date. Most importantly, the Secretary of Labor's October 24, 2007 letter indicated that FECA was Plaintiff's exclusive remedy for her current FTCA claims because she is "seeking tort damages as a result of injuries sustained in [her] federal employment." (DOL Letter). Given that the Secretary has found that Plaintiff's claim is covered by FECA, and its determinations regarding FECA's application are not subject to review, we find that FECA is Plaintiff's exclusive remedy and that we lack jurisdiction to review her claims.

For the foregoing reasons, we dismiss Plaintiff's case for lack of subject matter jurisdiction and deny Plaintiff's motion to proceed *in forma pauperis* and her motion for appointment of counsel. It is so ordered.

# SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal. Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER: 08 cv 619

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Boutte'/appellant | | USA/appellee |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Dawn Boutte' | Name | AUSA |
| Firm | pro-se | Firm | U.S. Atty |
| Address | P.O. Box 14113<br>Chgo, Il. 60614 | Address | 219 So. Dearborn<br>Suite 500<br>Chgo. Il. 60604 |
| Phone | | Phone | 312) 353-5300 |

| Other Information | | | |
|---|---|---|---|
| District Judge | Aspen | Date Filed in District Court | 2/29/08 |
| Court Reporter | M. Hacker  X-5564 | Date of Judgment | 3/3/08 |
| Nature of Suit Code | 442 | Date of Notice of Appeal | 3/26/08 |

COUNSEL:   Appointed [ ]   Retained [ ]   Pro Se [X]

FEE STATUS:   Paid [ ]   Due [X]   IFP [ ]

IFP Pending [ ]   U.S. [ ]   Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?   Yes [X]   No [ ]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted [ ]   Denied [ ]   Pending [ ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
CHICAGO, ILLINOIS 60604

KC FILED
3-26-2008
MAR 2 6 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DAWN BOUTTE'
    PLAINTIFF/APPELLANT

vs.

FEDERAL DISTRICT COURT
NO. 08-C-619

UNITED STATES
    DEFENDANT/APPELLEE

JUDGE MARVIN ASPEN

DOCKETING STATEMENT

STATUE 5 U.S.C.A., 751-757, OF THE FEDERAL EMPLOYEE COMPENSATION ACT, SHOULD BE A FEDERAL CAUSE OF ACTION IN THE FEDERAL DISTRICT COURT, AS WELL AS THE FEDERAL APPEALS BRANCH COURT. APPELLANT IS REQUESTING $500,000.00 FIVE HUNDRED THOUSANDS DOLLARS FOR LOSSES AND SUFFERING DUE TO SPINAL INJURY.

REQUESTING FORMA PAUPERIS BE RECONSIDERED, THE CORRECT MONTHLY AMOUNT OF DISABILITY RETIREMENT BENEFITS ARE $1,153.00 CORRECT $1,503.00 INCORRECT AMOUNT. ALSO, SEE ATTACHED PHOTOCOPY OF BUSINESS CARDS OF ATTORNEYS AND LEGAL ORIGANIZATIONS CONTACTED FOR REPRESENTATION. ALSO, STATEMENTS OF ANNUITY BENEFITS ARE ATTACHED TWO (2), FORMS 1099'S FOR PROOF OF BENEFITS, INCOME IS BELOW $15,000.00 IN DISABILITY BENEFITS.

*Dawn Boutte'*

TELEPHONE (312) 236-2133
FAX (312) 236-1061

STEPHEN G. BAIME
ATTORNEY AT LAW
200 NORTH LA SALLE ST. • SUITE 2340
CHICAGO, ILLINOIS 60601

LAW OFFICES OF
BAIME AND BAIME

Levin Riback
LAW GROUP, P.C.

RICHARD I. LEVIN
ATTORNEY AT LAW

200 North LaSalle • Suite 2300 • Chicago, IL 60601
Tel: 312.782.6717 • Fax: 312.782.5128
www.levinriback.com • rlevin@levinriback.com

District Court Self-Help Assistance Program
219 South Dearborn, Room 2056A
Chicago, IL 60604
For Appointments, Call (312) 435-5691

LEGAL ASSISTANCE FOUNDATION OF METROPOLITAN CHICAGO
111 West Jackson Boulevard, Suite 300, Chicago, IL 60604-3528
Office: (312) 341-1070    Office Fax: (312) 341-1041  LSC

Law Offices of
SPINAK & BABCOCK, P.C.

134 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
Tel.: (312) 346-1337
Fax: (312) 346-1398

MICHAEL D. SPINAK

**Legal Information & Help for Illinois Residents**

www.IllinoisLegalAid.org

Illinois Legal Aid
Helping Illinois Residents Solve Their Legal Problems



**PAID BY** OFFICE OF PERSONNEL MANAGEMENT
RETIREMENT SERVICES PROGRAM
P.O. BOX 45
BOYERS, PA 16017-0045

**STATEMENT OF ANNUITY PAID**
Copy B - File with Federal tax return

**2007**

Annuitant's Social Security No.: 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
Federal Income Tax withheld: NONE
Gross annuity amount: 6576.00
Health Insurance Premiums: 693.85
Retirement Claim No.: CS A8195679
Distribution Code: 3-DISABILITY

PAID TO ➤ DAWN BOUTTE
PO BOX 14113
CHICAGO, IL 60614-0113

State 1 State income tax withheld: NONE
State 2 State income tax withheld: NONE
Original contributions: 1560.00
Taxable annuity: UNKNOWN
PAYER'S Federal Identification Number: 52-6083699

Form CSA 1099R (Rev. 1/2008)
This information is being furnished to the Department of Treasury - Internal Revenue Service

To separate, tear on perforation

---

**PAID BY** OFFICE OF PERSONNEL MANAGEMENT
RETIREMENT SERVICES PROGRAM
P.O. BOX 45
BOYERS, PA 16017-0045

**STATEMENT OF ANNUITY PAID**
Copy 2 - To be filed with annuitant's state or local return

**2007**

Annuitant's Social Security No.: 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
Federal Income Tax withheld: NONE
Gross annuity amount: 6576.00
Health Insurance Premiums: 693.85
Retirement Claim No.: CS A8195679
Distribution Code: 3-DISABILITY

PAID TO ➤ DAWN BOUTTE
PO BOX 14113
CHICAGO, IL 60614-0113

State 1 State income tax withheld: NONE
State 2 State income tax withheld: NONE
Original contributions: 1560.00
Taxable annuity: UNKNOWN
PAYER'S Federal Identification Number: 52-6083699

Form CSA 1099R (Rev. 1/2008)
This information is being furnished to the Department of Treasury - Internal Revenue Service

To separate, tear on perforation

**FORM SSA-1099 – SOCIAL SECURITY BENEFIT STATEMENT**

**2007**
- PART OF YOUR SOCIAL SECURITY BENEFITS SHOWN IN BOX 5 MAY BE TAXABLE INCOME.
- SEE THE REVERSE FOR MORE INFORMATION.

| Box 1. Name | Box 2. Beneficiary's Social Security Number |
|---|---|
| DAWN BOUTTE | 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 |

| Box 3. Benefits Paid in 2007 | Box 4. Benefits Repaid to SSA in 2007 | Box 5. Net Benefits for 2007 (Box 3 minus Box 4) |
|---|---|---|
| $7,872.00 | NONE | $7,872.00 |

**DESCRIPTION OF AMOUNT IN BOX 3**

Paid by check or direct deposit      $7,872.00
Benefits for 2007                              $7,872.00

**DESCRIPTION OF AMOUNT IN BOX 4**

NONE

Box 6. Voluntary Federal Income Tax Withheld

NONE

Box 7. Address

DAWN BOUTTE
PO BOX 14113
CHICAGO IL 60614-0113

Box 8. Claim Number (Use this number if you need to contact SSA.)

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A

Form SSA-1099-SM (1-2008)     DO NOT RETURN THIS FORM TO SSA OR IRS

---

SOCIAL SECURITY ADMINISTRATION
GREAT LAKES PROGRAM SERVICE CENTER
HAROLD WASHINGTON SOCIAL SECURITY CENTER
600 WEST MADISON ST
CHICAGO IL 60661-2474

C
M06
1

PRESORTED
FIRST-CLASS MAIL
POSTAGE AND FEES PAID
SOCIAL SECURITY
ADMINISTRATION
PERMIT NO. G-11

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

DAWN BOUTTE
PO BOX 14113
CHICAGO IL 60614-0113

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 619 | **DATE** | 2/29/2008 |
| **CASE TITLE** | Dawn Boutte vs. United States | | |

**DOCKET ENTRY TEXT**

For the foregoing reasons, we dismiss Plaintiff's case for lack of subject matter jurisdiction and deny Plaintiff's motion (Doc. No. 4) to proceed in forma pauperis and her motion (Doc. No. 5) for appointment of counsel. It is so ordered.

*[signature: Marvin E Aspen]*

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

### STATEMENT

*(Reserved for use by the Court)*

**ORDER**

     Plaintiff Dawn Boutte' ("Plaintiff") filed an application to proceed *in forma pauperis* and a motion for appointment of counsel for her complaint, which seeks damages under the Federal Tort Claims Act ("FTCA"). Before granting leave to file *in forma pauperis*, we must first determine whether Plaintiff is indigent. 28 U.S.C. § 1915(a)(1). We also review her complaint and dismiss it if we find that: (1) it is frivolous or malicious; (2) it fails to state a claim under Rule 12(b)(6); or (3) it seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii). Pursuant to Rule 12(b)(6), we may dismiss a complaint if it fails to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," or if it fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). However, because Plaintiff proceeds *pro se*, we have a special responsibility to construe the complaint liberally, however inartfully pleaded. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

     With regard to her allegation of poverty, Plaintiff submitted a financial affidavit, stating that she is unemployed and her only source of income is $1,530 per month in disability and pension payments. Thus, she has an annual income of $18,630, which places her above the poverty threshold of $10,400. (*See* 2008 Health and Human Services Poverty Guidelines). Accordingly, we deny Plaintiff's *in forma pauperis* application without prejudice.

     In addition to the lack of indigence, we also deny Plaintiff's motion for appointment of counsel because her motion does not demonstrate that she exhausted the search for counsel. In order for this court to grant a motion for appointment of counsel, the litigant must: (1) make a reasonable attempt to obtain private counsel, *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995), and (2) appear incapable of proceeding without representation, *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). We typically require a litigant to submit documentation that demonstrates the refusal of various attorneys to accept the case. Plaintiff, however, did not support her motion by attaching copies of any solicitation letters or other documentation. *See Benford v. Cahill-Masching*, No. 03 C 2643, 2003 WL 22669036, at *1 (N.D. Ill. Nov. 10, 2003). Thus, she has not made the threshold showing for appointment of counsel.

     Finally, we review the sufficiency of her complaint. Plaintiff, a former federal employee, alleges that she suffered

**STATEMENT**

an injury on September 9, 1998 and that she has been denied worker's compensation, Federal Employee's Compensation Act ("FECA") benefits, and relief under the FTCA. (Compl. ¶ 1). As an initial matter, we note that Plaintiff filed a previous federal lawsuit under FECA and FTCA arising out of a September 9, 1998 injury. *See Boutte v. Chao*, No. 05 C 7305, 2007 WL 257627 (N.D. Ill. Jan. 23, 2007). Judge Guzman dismissed her FECA claim for lack of jurisdiction and her FTCA claim for failure to exhaust administrative remedies. *Id.* at *2. Plaintiff's current suit seeks relief under FTCA for injuries on the same date, alleging that she now has exhausted her administrative remedies and attaching an October 24, 2007 letter from the Department of Labor to her complaint.

Where a federal employee is seeking damages for job-related injuries, however, FECA is her exclusive remedy. *See* 5 U.S.C. § 8116© ("The liability of the United States . . . with respect to the injury or death of an employee is exclusive."); *see also Ezekiel v. Michel,* 66 F.2d 894, 898 (7th Cir. 1995). Thus, if Plaintiff's FTCA claim is actually for injuries covered by FECA, then we lack jurisdiction to review her complaint and must dismiss it. *Id.*; *see also Wernsing v. Thompson*, 423 F.3d 732, 742 (7th Cir. 2005) ("[N]ot only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (internal citations omitted). In addition, the Secretary of Labor has the power to "'administer, and decide all questions arising under'" FECA, and its determinations are "final, conclusive and not subject to review by a court of law." *Id. (*quoting

5 U.S.C. §§ 8128(b), 8145); *see also Sw. Marine, Inc. v. Gizonia*, 502 U.S. 81, 90 (1991) ("[T]he courts have no jurisdiction over FTCA claims where the Secretary determines that FECA applies."); *Trammel v. Brown*, No. 94 C 149, 1995 WL 708666, at *4 (N.D. Ill. Nov. 30, 1995) ("Thus, where the Secretary of Labor has determined that particular work-related injuries are covered by the FECA, his non-reviewable decision preempts federal court subject matter jurisdiction, regardless of whether an individual claimant actually receives benefits under such a claim.").

While Plaintiff's complaint does not indicate the precise nature of her September 9, 1998 injuries, we find it clear that they occurred within the scope of her federal employment. We reach this conclusion not only because is she seeking damages from her employer for "suffering, lost time from work, annual, leave, sick leave, and advance sick leave" (Compl. ¶ 5), but also because her earlier case in front of Judge Guzman alleged employment injuries arising from the same date. Most importantly, the Secretary of Labor's October 24, 2007 letter indicated that FECA was Plaintiff's exclusive remedy for her current FTCA claims because she is "seeking tort damages as a result of injuries sustained in [her] federal employment." (DOL Letter). Given that the Secretary has found that Plaintiff's claim is covered by FECA, and its determinations regarding FECA's application are not subject to review, we find that FECA is Plaintiff's exclusive remedy and that we lack jurisdiction to review her claims.

For the foregoing reasons, we dismiss Plaintiff's case for lack of subject matter jurisdiction and deny Plaintiff's motion to proceed *in forma pauperis* and her motion for appointment of counsel. It is so ordered.

# United States District Court

## Northern District of Illinois

### Eastern Division

Dawn Boutte                                              **JUDGMENT IN A CIVIL CASE**

        v.                                                   Case Number: 08 C 619

United States

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

☐     Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that we dismiss Plaintiff's case for lack of subject matter jurisdiction and deny Plaintiff's motion to proceed in forma pauperis and her motion for appointment of counsel.

Michael W. Dobbins, Clerk of Court

Date: 2/29/2008

/s/ Gladys Lugo, Deputy Clerk

APPEAL, LEVIN, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.1.3 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:08-cv-00619
### Internal Use Only

Boutte' v. United States  
Assigned to: Honorable Marvin E. Aspen  
Demand: $500,000  
Cause: 28:1331 Federal Question

Date Filed: 02/29/2008  
Date Terminated: 02/29/2008  
Jury Demand: None  
Nature of Suit: 442 Civil Rights: Jobs  
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Dawn Boutte'**　　　　represented by **Dawn Boutte'**  
P.O. Box 14113  
Chicago, IL 60614  
773-627-8458  
PRO SE

V.

**Defendant**

**United States**　　　　represented by **AUSA**  
United States Attorney's Office (NDIL)  
219 South Dearborn Street  
Suite 500  
Chicago, IL 60604  
(312) 353-5300  
Email: USAILN.ECFAUSA@usdoj.gov  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/29/2008 | 1 | RECEIVED Complaint and one copy by Dawn Boutte'. (Exhibits). (ef, ) (Entered: 01/30/2008) |
| 01/29/2008 | 2 | CIVIL Cover Sheet. (ef, ) (Entered: 01/30/2008) |
| 01/29/2008 | 3 | PRO SE Appearance by Plaintiff Dawn Boutte'. (ef, ) (Entered: 01/30/2008) |
| 01/29/2008 | 4 | APPLICATION by Plaintiff Dawn Boutte' for leave to proceed in forma pauperis. (ef, ) (Entered: 01/30/2008) |

| | | |
|---|---|---|
| 01/29/2008 | 5 | MOTION by Plaintiff Dawn Boutte' to appoint counsel. (ef, ) (Entered: 01/30/2008) |
| 01/31/2008 | 6 | MINUTE entry before Judge Ronald A. Guzman: This Court transfers this case to the Executive Committee pursuant to IOP11(b). Direct assignment pursuant to LR40.3(b)(2) is inapplicable because this case is not a refiling of a previously dismissed case. It constitutes a new action and involves new subject matter. Mailed notice (tlm) (Entered: 02/01/2008) |
| 02/19/2008 | 7 | EXECUTIVE COMMITTEE ORDER: Case reassigned to Judge Marvin E. Aspen for all further proceedings. (See order for details). Signed by Judge Executive Committee on 2/19/08. Mailed notices.(amb, ) (Entered: 02/19/2008) |
| 02/29/2008 | 8 | MINUTE entry before Judge Marvin E. Aspen: For the foregoing reasons, we dismiss plaintiff's case for lack of subject matter jurisdiction and deny Plaintiffs' motion (Doc. No. 4) to proceed in forma pauperis 4 and her motion for appointment of counsel 5 . Civil case terminated. Mailed notice (tlm) (Entered: 03/03/2008) |
| 02/29/2008 | 9 | ENTERED JUDGMENT signed by Gladys Lugo, Courtroom Deputy, on 2/29/2008. Mailed notice(tlm) Modified on 3/3/2008 (tlm). (Entered: 03/03/2008) |
| 03/26/2008 | 10 | NOTICE of appeal by Dawn Boutte' regarding orders 9 , 8 (Fee Due) (dj, ) (Entered: 03/27/2008) |
| 03/26/2008 | 11 | DOCKETING Statement by Dawn Boutte' regarding notice of appeal 10 (dj, ) (Entered: 03/27/2008) |
| 03/27/2008 | 12 | NOTICE of Appeal Due letter sent to counsel of record (dj, ) (Entered: 03/27/2008) |