# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 619 | **DATE** | 4/10/2008 |
| **CASE TITLE** | Boutte vs. United States | | |

**DOCKET ENTRY TEXT**

There does not appear to be any reasonable way that a federal court could have jurisdiction to review her claim. Accordingly, we cannot find that her appeal is made is "good faith," and her Motion (17) for Permission to Appeal *In Forma Pauperis* is denied. It is so ordered. The Clerk of the Court is direceted to forward a copy of this order to the U.S.Court of Appeals for the 7th Circuit.

■[ For further details see text below.]                             Docketing to mail notices.

## STATEMENT

(Reserved for use by the Court)

**ORDER**

   Presently before us is Dawn Boutte's ("Appellant") Motion for Permission to Appeal *In Forma Pauperis*. Appellant asks that we allow her to appeal our February 29, 2008 dismissal without paying the $450 appellate filing fee.

   Before granting leave to file *in forma pauperis*, we must first determine whether Appellant is indigent. 28 U.S.C. § 1915(a)(1). To do this, she need not show that she is "absolutely destitute,"only that she is unable to pay the filing fee while simultaneously providing herself with "the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S. Ct. 85, 88 (1948); *see also Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Appellant submitted a financial affidavit, stating that she receives $1,555 per month in disability and retirement payments. Thus, she has an annual income of $18,660, which does place her above the poverty threshold of $10,400. (*See* 2008 Health and Human Services Poverty Guidelines). However, Appellant's affidavit also indicates that she has $1,242.00 in monthly expenses and that she is unable to pay for all of her medical needs each month. While her income does appear to exceed her listed expenses by over $300 per month, her sworn statement that she still cannot pay for all of her monthly medical needs is convincing. Given that medical care is a "necessity of life," we find that she has demonstrated that she is unable to pay the filing fee. *See Mem'l Hosp. v. Maricopa County*, 415 U.S. 250, 269, 94 S. Ct. 1076, 1088 (1974).

   Pursuant to 28 U.S.C § 1915(a)(3), we must also evaluate whether Appellant's appeal is made in "good faith." To satisfy this requirement the court need find only that a reasonable person could suppose that the appeal has some merit. *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1075 (7th Cir. 2000); *see also Escamilla v. Walls*, No. 00 C 3270, at *3 (N.D. Ill. Oct. 14, 2004). As discussed in our February 29, 2008 Order, Appellant is bringing a Federal Tort Claims Act ("FTCA") claim seeking worker's compensation and Federal

**STATEMENT**

Compensation Act ("FECA") benefits arising from her September 9, 1998 injuries. We held that because it was clear that her injuries were sustained within the scope of her federal employment, she could not pursue a FTCA claim because FECA was her exclusive remedy. *See Ezekiel v. Michel*, 66 F.2d 894, 898 (7th Cir. 1995) (holding that a federal employee could not bring a FTCA claim because her "exclusive avenue of redress against the Government for her work-related injuries is [FECA]"); *see also* 5 U.S.C. § 8116©; *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94, 103 S. Ct. 1033, 1036 (1983) (explaining that FECA "was designed to protect the Government from suits under statutes such as [FTCA]"). Because Appellant's Notice of Appeal now explicitly states that she is "seeking money damages for losses of income while employed by the federal government," it is clear that she can only pursue a FECA claim. (Notice of Appeal at 1). Thus, we must determine whether a reasonable person could suppose that she has a viable appeal of our dismissal for lack of jurisdiction over her FECA claim.

Under 5 U.S.C. § 8128(b), federal courts lack jurisdiction to review the Secretary of Labor's determination of FECA benefits. The Seventh Circuit has recognized a narrow exception to this "judicial door-closing" statute for constitutional challenges to the Secretary's adjudication procedures. *Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1439 (7th Cir. 1996). However, no reasonable person could find that this exception applies in the instant case. While we recognize that we must construe Appellant's allegations liberally given that she is *pro se*, neither her Complaint nor her Notice of Appeal contain any indication that she is bringing a constitutional challenge to the administrative procedures used in adjudicating her claims. To the contrary, she is explicitly challenging her entitlement to benefits and seeking money damages. *See Czerkies*, 73 F.3d at 1442 ("The decision as to whether the statute administered by the agency in question entitled him to benefits would remain that of the agency–and not subject to judicial review."). Thus, there does not appear to be any reasonable way that a federal court could have jurisdiction to review her claim. Accordingly, we cannot find that her appeal is made is "good faith," and her Motion for Permission to Appeal *In Forma Pauperis* is denied. It is so ordered.